AO 91 (Rev. 11/11)   Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of California

FILED
Dec 07 2020
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Luis Renderos Avalos | ) | Case No. 4-20-mj-71773 MAG |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of September 10, 2020 in the county of Alameda in the Northern District of California, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. 922(g)(1) | Felon in possession of firearm |
| | Maximum Penalties:<br>Maximum term of imprisonment: 10 years<br>Maximum fine: $250,000<br>Maximum term of supervised release: 3 years<br>Mandatory $100 special assessment<br>Forfeiture |

This criminal complaint is based on these facts:

See the attached affidavit of FBI Special Agent Meagan Sharp

☑ Continued on the attached sheet.

Approved as to form /s/ Mari Overbeck
AUSA *Mari Overbeck*

/s/ Meagan Sharp
*Complainant's signature*

Meagan Sharp, Special Agent FBI
*Printed name and title*

Sworn to before me by telephone.

Date: 12/07/2020

*Judge's signature*

City and state: Oakland, California    Hon. Kandis A. Westmore, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT
# AND ARREST WARRANT

I, Meagan Sharp, a Special Agent of the Federal Bureau of Investigation, being duly sworn, state:

## INTRODUCTION

1.  I make this affidavit in support of an application under Rule 4 of the Federal Rules of Criminal Procedure for a criminal complaint and arrest warrant authorizing the arrest of LUIS AVALOS, for being a prohibited person in possession of a firearm and ammunition, in violation of Title 18, United States Code, Section 922(g)(1), on or about September 10, 2020, in the Northern District of California.

## SOURCES OF INFORMATION

2.  This affidavit is submitted for the limited purpose of securing a criminal complaint and arrest warrant. I have not included every fact known to me concerning this investigation. Instead, I have set forth only the facts necessary to establish probable cause that violations of the federal laws identified above have occurred.

3.  I have based my statements in this affidavit on my training and experience, personal knowledge of the facts and circumstances obtained through my participation in this investigation, information provided by other agents and law enforcement officers, information provided by reports of other law enforcement officers, information provided by video and photographic evidence, and information provided by records and databases. I believe these sources to be reliable. Where I refer to conversations and events, I often refer to them in substance and in relevant part rather than in their entirety or verbatim, unless otherwise noted. This affidavit also reflects my current understanding of facts relating to this investigation, but my understanding may change in the future as the investigation proceeds. My experience and training as an FBI Special Agent and my participation in this investigation form the basis of the opinions and conclusions set forth below.

## AFFIANT BACKGROUND

4.     I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been since July 2018.  I am currently assigned to the San Jose Violent Crime Unit of the FBI's San Francisco Field Division.  As a Special Agent of the FBI, I am authorized to investigate violations of the laws of the United States.  My primary responsibilities as an FBI Special Agent are the investigation of violent crimes, including investigating individuals who are involved in the illegal possession and transfer of firearms, violent crimes involving firearms, and narcotics trafficking.  Prior to becoming an FBI Special Agent, I was an Analyst for the Department of Defense.

5.     I completed five months of FBI Special Agent Basic Training at the FBI academy in Quantico, Virginia during which I received training on various aspects of federal investigations, including criminal procedure, search and seizure, and violent crimes.  During the course of my employment with the FBI, I have investigated, and assisted in the investigation of criminal violations relating to firearms and/or narcotics.  During these investigations, I have participated in and utilized the following investigative tools: conducting physical surveillance, interviewing suspects, writing affidavits for search warrants, executing arrest and search warrants, analyzing phone records obtained from pen registers, trap and trace devices, and physical devices, and collecting and processing evidence.  My training and experience is based on my formalized training, knowledge cultivated from case work, and discussions with and mentorship from other senior agents and officers with federal, state, and local law enforcement agencies.

6.     I have personally participated in the investigation discussed in this affidavit as a lead case agent and I am familiar with the facts and circumstances of the investigation.  My role in this investigation, combined with my training and experience, information I have learned from other FBI agents and other law enforcement agencies, and my review of records and reports relating to the investigation form the basis for the opinions I set forth in this affidavit.  Unless otherwise noted, wherever in this affidavit I assert that a statement was made, the information

was provided by another FBI agent or law enforcement officer who may have had either direct or hearsay knowledge of that statement and to whom I or others have spoken, or whose reports I have read and reviewed. Such statements are among many statements made by others and are stated in substance and in part unless otherwise indicated.

## APPLICABLE STATUTES

7. Title 18 U.S.C. § 922(g)(1) prohibits any "prohibited" person, including a person who has been convicted of a crime punishable by a prison term of more than 1 year, from knowingly possessing a firearm or ammunition in or affecting interstate commerce. The elements of a section 922(g)(1) offense are:

    a. The defendant knowingly possessed a firearm and/or ammunition;

    b. The defendant had been convicted of a crime punishable by a prison term of more than 1 year at the time of the possession of the firearm and/or ammunition;

    c. The defendant knew he had been convicted of a crime punishable by a prison term of more than 1 year at time of the possession of the firearm and/or ammunition; and,

    d. The possession of the firearm and/or ammunition was in or affecting interstate commerce.

## FACTS SUPPORTING PROBABLE CAUSE

### A. Parole Search of AVALOS on September 10, 2020

8. On September 10, 2020, members of the Santa Clara County Safe Streets Task Force ("SCCSSTF"), including FBI agents, as well as the Oakland Police Department ("OPD"), conducted a parole search at AVALOS's known residence, which he shares with his parents and brother, located at 1*** Seminary Avenue, Apartment **, Oakland, California.[1] This is the address AVALOS had on file with his parole officer. AVALOS was not at the residence during

---

[1] Personal identifying information intentionally omitted.

the parole search. AVALOS's parole officer was aware of the parole search, and had coordinated with the SCCSSTF and OPD ahead of time to have AVALOS out of the residence during the search for officer safety reasons.

9. During a safety sweep of the residence to locate any other occupants inside at the time, agents observed a photograph of AVALOS on the dresser and his Department of Motor Vehicles (DMV) driver's permit on the floor inside the entrance of a bedroom. Based on indicia the agents found in the bedroom, they believed that the bedroom contained property of both AVALOS and his brother.

10. While searching the bedroom closet, agents discovered a black safe. When AVALOS's parents were asked who owned the safe, AVALOS's father stated the safe belonged to AVALOS's brother. At the request of FBI Santa Clara County Safe Streets Task Force, AVALOS's father called AVALOS's brother, who was not at the residence during the parole search, and after making contact with him, he told his father the safe belonged to AVALOS.

11. At the time of the parole search, AVALOS was at the parole officer with his parole officer. The agents contacted AVALOS during the parole search via his parole officer. During this telephone call, AVALOS admitted that he owns the black safe and the contents of the safe. AVALOS provided the safe combination (0703#) and told agents there was a 9 mm handgun located in the safe, as well as a fully-loaded magazine. AVALOS stated the handgun was not loaded.

12. Agents opened the safe using the code provided by AVALOS and observed an item wrapped in a gray cloth. The gray cloth contained a handgun. The handgun was removed and confirmed to be unloaded. Agents also observed a black magazine in the safe. The magazine was loaded with fifteen (15) rounds of 9mm ammunition. The handgun and the magazine were the only contents of the safe.

### B. The Firearm Seized from AVALOS

13. The above-referenced firearm seized from the safe in AVALOS's bedroom was identified as a Century Arms 9 mm handgun bearing serial number T6472-15 AP 13405. Based

on my training and experience, I believe the firearm is a weapon that either is designed to or that may readily be converted to expel a projectile by the action of an explosive. I also know that Century Arms manufactures this type of firearm outside the state of California. Because the firearm was manufactured outside the state of California and was recovered inside the state of California, there is probable cause to believe it crossed state lines affecting interstate commerce.

14. Below are pictures of the firearm seized during the parole search at the residence of AVALOS.



 

C. **Cellular Devices Seized from AVALOS**

15. As part of the parole search, AVALOS's parole officer seized the cellular devices from AVALOS's person and turned over the cellular devices to other parole agents to conduct a routine parole search. AVALOS provided the passwords to the cellular devices upon request.

The cellular devices were ultimately seized by OPD as potentially containing additional evidence of criminal activity after discovery of the firearm and 9mm of ammunition.

16.     On October 5, 2020 FBI agents of the SCCSSTF executed a search warrant on the cellular devices of AVALOS.  A review of relevant information pursuant to Attachment B of the search warrant yielded a picture of a firearm.  Based on my training and experience, I believe that the picture of the firearm on AVALOS's cellular device matches the firearm seized during the parole search of AVALOS's residence.  The firearm in the photograph appears to have an identical serial number and manufacturer to the firearm seized during the parole search of AVALOS's residence.  Below is the referenced picture.



### D. AVALOS's Prior Felony Convictions

17.     I have reviewed AVALOS's criminal history, which reflects that he has a 2010 felony conviction in the Superior Court of California, County of Alameda, for a violation of California Penal Code Section 211 (second degree robbery with the use of a weapon).  AVALOS was sentenced to six years of imprisonment based on this conviction.

18.     AVALOS's criminal history also shows that he has a 2019 felony conviction in the Superior Court of California, County of Kern, for a violation of California Penal Code Section 4573.6 (possession of a controlled substance in prison).  AVALOS was sentenced to two years (consecutive) of imprisonment based on this conviction.

19.     Because AVALOS received a sentence of greater than a year for each of the

aforementioned felonies of which he was convicted, there is probable cause to believe that AVALOS knew he had been previously convicted of a felony—that is, a crime punishable by a term of imprisonment of greater than one year—at the time he possessed the firearm on September 10, 2020 during the parole search of his residence.

## REQUEST TO SEAL

20. The FBI's criminal investigation of AVALOS is ongoing. In addition, it is my belief that prematurely revealing the specific details, facts, and reasons for the proposed charges and arrest, as detailed in this affidavit, may cause flight from prosecution, destruction of or tampering with evidence, intimidation of potential witnesses, and otherwise seriously jeopardize the investigation (e.g., prompting changes in behavior). Accordingly, I request that the Court issue an order that the criminal complaint, this affidavit in support of the criminal complaint and arrest warrant, the arrest warrant/summons, and the attachments thereto, along with the order itself, be filed under seal until further order of the Court.

## CONCLUSION

21. On the basis of my participation in this investigation and the information summarized above, I have probable cause to believe that on or about September 10, 2020, in the Northern District of California, LUIS AVALOS violated Title 18, United States Code, Section 922(g)(1) based on his being a felon in possession of a firearm.

/s/ Meagan Sharp
MEAGAN SHARP
Special Agent
Federal Bureau of Investigation

Sworn to before me over the telephone and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d) on this 7th day of December 2020.

_____
HONORABLE KANDIS A. WESTMORE
United States Magistrate Judge