STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

ALEXIS JAMES (NYBN 5603865)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6758
FAX: (415) 436-7234
Alexis.James@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LUIS AVALOS,<br><br>Defendant. | NO. CR 21-00193-HSG (LB)<br><br>UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO TEMPORARILY MODIFY PRETRIAL RELEASE CONDITIONS TO TRAVEL<br><br>Hearing Date: January 13, 2022<br>Hon. Laurel Beeler |

The United States respectfully submits this memorandum in opposition to defendant's motion to temporarily modify pre-trial release conditions in order to travel.

**BACKGROUND**

On August 18, 2021, the defendant, Luis Avalos, plead guilty to one count of Felon in Possession Firearm and Ammunition, pursuant to 18 U.S.C. § 922(g)(1). The defendant awaits sentencing before District Judge Hayward S. Gilliam, Jr.

**ARGUMENT**

Considering the defendant has already pled guilty in the pending matter and the COVID conditions, the government opposes the defendant's request as travel is inappropriate at this time.

The defendant has previously pled guilty to one count of Felon in Possession of a Firearm and Ammunition. Pursuant to 18 U.S.C. § 3143(a)(2), the defendant should arguably be detained. Under 18 U.S.C. § 3143(a)(2):

> the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence… be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community…

Considering the defendant's previous guilty plea, granting travel speaks directly to flight risk and should not be permitted while the defendant has a felony matter pending sentencing.

Travelling during the pendency of a federal indictment while awaiting sentencing directly speaks to flight risk; however, travelling during a global pandemic poses a danger to the community. According to the Centers for Disease Control and Prevention (CDC), approximately 500,000 people have lost their lives due to COVID in the United States.[1] COVID is highly contagious and spreads from person to person through respiratory droplets that can travel through the air. As a highly contagious virus, COVID is difficult to contain. While wearing masks, socially-distancing, and getting vaccinated reduce the spread of the virus, these precautions do not stop the spread.[2] According to the CDC, the best way to stop the spread is to avoid crowds altogether.[3] According to the CDC, it is possible that vaccinated individuals can continue spreading COVID.[4] So while the defendant and whoever he celebrates his birther with are potentially safe from each other if vaccinated; the others around them—those on flights, service industry workers, etc.—are not necessarily so fortunate. The dangers of COVID are only heightened by the new variant.

---

[1] https://www.cdc.gov/nchs/covid19/mortality-overview.htm

[2] https://www.cdc.gov/vaccines/covid-19/hcp/faq.html

[3] https://www.cdc.gov/coronavirus/2019-ncov/vaccines/vaccine-benefits.html

[4] https://www.cdc.gov/coronavirus/2019-ncov/vaccines/faq.html

Considering the posture of the sentencing and the pandemic, this court should deny the defendant's motion to temporarily modify pre-trial release conditions in order to travel as it poses a flight risk and a danger to the community.

**CONCLUSION**

For the foregoing reasons, the Court should deny defendant's motion.

DATED: January 12, 2022

Respectfully submitted,

STEPHANIE M. HINDS
United States Attorney

By: /s/
ALEXIS JAMES
Assistant United States Attorney